### W. G. FAIRCHILD v. THE INVESTORS' BROKERAGE COMPANY.

#### No. 12,848. (71 Pac. 1126.)

Error from Reno district court; M. P. SIMPSON, judge. Opinion filed January 10, 1903. Affirmed.

*Fairchild & Lewis,* and *James McKinstry,* for plaintiff in error.

*Frank L. Martin,* and *George A. Vandeveer,* for defendant in error.

*Per Curiam:* This was an action of ejectment by W. G. Fairchild against the Investors' Brokerage Company. The plaintiff was the grantee of one Bonner, who had mortgaged the premises. The defendant claimed that one Griffith was the owner of the property by title derived through a foreclosure of the mortgage which Bonner had given, and a sale to satisfy the mortgage debt, and a sheriff's deed executed in pursuance of the sale. It also defended on the ground of a tax sale and deed and mesne conveyance of the tax title to it. It satisfactorily proved that it was in possession as the agent of Griffith, the owner, by title derived through the mortgage foreclosure sale and sheriff's deed, and that the tax title held by it was also in reality the title of Griffith. Questions are raised by counsel for plaintiff in error as to this, but we have read the evidence throughout and are well satisfied on that score. Hence, when the defendant set up an outstanding title in Griffith it did not set up title in a third person—a stranger—but set up one in its principal for whom it was holding possession. It is immaterial, therefore, that the tax deed may be defective, but whether it is we express no opinion.

Over and beyond these considerations, or more accurately speaking, in extension of them, the case is that of a mortgagee of an unpaid mortgage in possession. He cannot be ousted therefrom by the mortgagor, or one standing in his stead, without payment or tender of the mortgage debt. This was fully considered and decided in the recent case of *Kelso v. Norton,* 65 Kan. 778, 70 Pac. 896.

The judgment of the court below is affirmed.